### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BARRET BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | No. 25-2222-KHV |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

On March 28, 2025, Barret Brown filed a petition in the District Court of Leavenworth County, Kansas against Dr. Brenda Benson.  Plaintiff alleges that Dr. Benson defamed his character and name by making false statements to his employer which resulted in his employer revoking his security clearance and placing him on indefinite suspension, causing him to lose over $100,000 in wages.  See Petition (Doc. #1-1) filed April 24, 2025 at 6.  Because the Acting United States Attorney for the District of Kansas certified that Dr. Benson was acting within the scope of her employment as a federal employee, the United States filed a notice substituting the United States as the defendant in this matter, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("FTCA"), 28 U.S.C. § 2679.[1] Notice Of Substitution Of The

---

[1] Under 28 U.S.C. § 2679, commonly referred to as the Westfall Act, federal employees are absolutely immune from state-law tort claims that arise out of acts they undertake in the course of their official duties.  Hockenberry v. United States, 42 F.4th 1164, 1170 (10th Cir. 2022).  The Attorney General may certify that the employee was acting within the scope of her employment, and the government will be substituted as the defendant.  Id.  This scope-of-employment certification is subject to de novo review by the district court, and it is plaintiff's burden to rebut the certification with specific facts.  Id.

In his response, plaintiff argues that Dr. Benson was not acting in the scope of her
(continued. . .)

United States (Doc. #6) filed April 24, 2025.  On April 24, 2025, the United States removed the case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1442 and District of Kansas Local Rule 81.1.  Notice Of Removal (Doc. #1).  This matter is before the Court on defendant's Motion To Dismiss (Doc. #7) filed April 24, 2025.  For reasons explained below, the Court sustains defendant's motion.

## Legal Standard

Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Federal courts are courts of limited jurisdiction.  Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).  Therefore, the law imposes a presumption against jurisdiction.  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3).  Plaintiff bears the

---

[1] (. . .continued)
employment because "no doctor took an oath to falsify documents and write false statements…" Plaintiff's Response To Defendant's Motion To Dismiss (Doc. #10) filed May 14, 2025 at 2.  "Scope of employment is defined by the respondeat superior law of the state where the incident occurred." Hockenberry, 42 F.4th at 1170.  Under Kansas law, an employee acts "within the scope of his or her employment when performing services for which he or she has been employed or when doing anything which is reasonably incidental to the employment."  Farmers Bank & Trust v. Homestead Cmty. Dev., 58 Kan. App. 2d 877, 900, 476 P.3d 1, 18, (2020) (quoting Williams v. Community Drive-In Theater, Inc., 214 Kan. 359, 364, 520 P.2d 1296, 1300 (1974).  Defendant Health Agency at the Munson Army Center employed Dr. Benson as a psychiatrist, where she received a request to perform a psychological evaluation related to plaintiff's eligibility for access to classified information.  Though plaintiff disagrees with Dr. Benson's evaluation, he has not alleged any facts which suggest that she was not acting within the scope of her employment.  The United States is therefore the proper defendant.

burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. Laufer v. Looper, 22 F.4th 871, 875 (10th Cir. 2022). A facial attack assumes that the allegations in the complaint are true and argues that they fail to establish jurisdiction. Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020). A factual attack goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction. Id.

**Factual Background**

Plaintiff's petition alleges as follows:

Dr. Brenda Benson "defamed [plaintiff's] character and name by making false statements to [his] employer that resulted in [his] security clearance being revoked which resulted in [plaintiff] being placed on Indefinite Suspension resulting in lost wages over $100,000. Her defamation was egregious." Petition (Doc. #1-1) at 6.

**Analysis**

Defendant argues that the Court should dismiss plaintiff's petition in its entirety because (1) sovereign immunity precludes claims for defamation against the United States and (2) even if sovereign immunity did not preclude defamation claims, plaintiff has not alleged that he exhausted administrative remedies.

"It is well settled that the United States, as sovereign, is immune from suit except as it

consents to be sued and that the terms of its consent to be sued in any court define the court's jurisdiction to entertain the action." Three-M Enters., Inc. v. United States, 548 F.2d 293, 294 (10th Cir. 1977). The United States consented to be sued for torts in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), and the FTCA provides "the exclusive remedy for tort actions against the federal government, its agencies, and employees." Wexler v. Merit Sys. Prot. Bd., 986 F.2d 1432 (10th Cir. 1993).

Under 28 U.S.C. § 2680(h), the United States' waiver of sovereign immunity under the FTCA does not apply to any claim arising out of libel or slander. Libel and slander "are the equivalent of defamation" and therefore "are also excepted from the FTCA waiver of sovereign immunity." Cooper v. Am. Auto. Ins. Co., 978 F.2d 602, 613 (10th Cir. 1992).[2]

Thus, the Court lacks jurisdiction over plaintiff's defamation claim. Accordingly, the Court sustains defendant's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #7) filed April 24, 2025 is **SUSTAINED**

Dated this 10th day of June, 2025 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[2] Even if sovereign immunity did not bar plaintiff's defamation claim outright, the FTCA requires plaintiff to present an administrative tort claim to the appropriate federal agency—and the agency must deny the claim—before plaintiff can bring suit. Hart v. Dep't of Lab. ex rel. U.S., 116 F.3d 1338, 1339 (10th Cir. 1997). Plaintiff alleges that he filed a claim with the Merit System Protection Board ("MSPB") for placing him on indefinite suspension. A claim before the MSPB, however, is not an administrative tort claim, and the MSPB is not the appropriate federal agency to seek relief for a tort claim. Thus, even if defamation claims were not excluded from the FTCA's limited waiver of sovereign immunity—which they undisputably are—the Court still lacks subject matter jurisdiction over plaintiff's defamation claim because he has failed to allege that he presented an administrative claim to the appropriate federal agency and that the agency denied his claim, as required by 28 U.S.C. § 2675.